UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:19-cv-00372

**Luminant Mining Company LLC,**
*Plaintiff,*

v.

**Kendi Narmer PakeyBey, et al.,**
*Defendants.*

### ORDER

On July 26, 2019, plaintiff Luminant Mining Company LLC filed this property dispute in the Fourth Judicial District Court of Rusk County, Texas. Doc. 2. Defendants Kenneth E. Parker, n/k/a Kendi Narmer PakeyBey, a/k/a Chief Narmer Bey ("Chief Bey"), Dawud Allantu Bey, Anu Tafari Zion El, and Amexemnu City State, Inc., removed this action to federal court based on diversity jurisdiction. Doc. 1. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. Doc. 3.

This order concerns the parties' cross motions for summary judgment regarding trespass-to-try-title actions on two properties: (1) "the Tracts," 950.833 acres of land in Rusk County, Texas; and (2) "the Additional Tracts," 258 acres of land also located in Rusk County. Docs. 56, 57, 109, 112.

On July 6, 2020, Judge Love issued a report and recommendation to grant summary judgment in Luminant's favor as to both properties. Doc. 123. The report and recommendation was served on the parties, and defendants filed timely objections, triggering their de novo review. Doc. 126.

### Discussion

Defendants first object to the magistrate judge's application of the doctrine of presumed grant. Doc. 126 at 2. Defendants argue the doctrine is improperly applied because the magistrate judge failed to account for the lack of a partition

agreement. *See* Doc. 126 at 2. In their view, because no clear evidence of a partition agreement can be found, subsequent transfers of the Tracts were void because they failed to account for the Walling interest, from which their alleged claim descended. *Id*.

The doctrine of presumed grant was developed by Texas courts in response to a number of cases featuring ownership claims by heirs to old Spanish land grants. *Humphries v. Texas Gulf Sulfur Co*, 393 F.2d 69, 72 (5th Cir. 1968). Like defendants, these "heirs" asserted historical claims of ownership based on transactions, or the lack thereof, that could not be proved due to limited or no evidence. *Id*. To quiet title to the disputed land, Texas courts decided that the prolonged inaction could only be explained by an unrecorded conveyance, and they began conclusively presuming the existence of a "lost deed" in these cases. *See, e.g., id.*; *Purnell v. Gulihur*, 339 S.W.2d 86 (Tex. Civ. App. 196); *Page v. Pan Am. Petroleum Corp.*, 381 S.W.2d 949 (Tex. Civ. App. 1964). Thus, contrary to defendants' objection, the doctrine of presumed grant applies because of the absence of a clear historical record rather than despite it.

Accordingly, the magistrate judge correctly determined that the doctrine of presumed grant creates a conclusive presumption that moots defendants' claim. The record of title offered by the plaintiffs establishes a claim under color of title and exclusive possession dating back more than a century. *See* Doc. 57, Exs. A, A1-A33, F, G. Defendants offer no evidence they or their predecessors brought any claim against plaintiff's title during that time. As such, the magistrate judge was correct to presume a partition agreement existed between Isham Chism and Jesse Walling. Defendants' objection is therefore **overruled.**

Next, defendants object to magistrate judge's finding that Luminant proved superior title out of a common source. Doc. 126 at 4. This objection largely rehashes the content of the previous objection and is likewise **overruled.**

Defendants' third objection concerns Chief Bey's purported familial connection to the original owners of the properties. Doc. 126 at 4-7. Defendants object to the magistrate judge's "finding of no evidence of family connection between Jesse and John Walling, to the Parker heirs." *Id.* at 4. The report noted that the Parker heirs' interest stems from John and Anna Walling, not Jesse Walling, and from a property located in a different survey than the Tracts. Doc. 123 at 16-17, *see also In re Samson Resources Corp.*, Case No. 15-11934 (BLS), Doc. 2436 at 7 (Bankr. D. Del. June 15, 2017)).

This objection is not persuasive. Defendants' meticulous inventory of the Walling family tree, even taken as true, has no effect on the disposition of this action given the foregoing discussion. The objection is therefore **overruled.**

Finally, defendants object to the magistrate judge's finding that plaintiff demonstrated matured limitations title in the absence of record title. Doc. 126 at 7. Reviewing the magistrate judge's findings de novo, the court concludes that the magistrate judge correctly determined that Luminant satisfied the requisite limitations periods under Texas law. Doc. 123 at 17-20. The objection is **overruled.**

## Conclusion

For the reasons stated above, defendants' objections are **overruled**, and the report and recommendation of the magistrate judge (Doc. 123) is **adopted**. *See* Fed. R. Civ. P. 72(b)(3). Luminant's motions for summary judgment (Docs. 57, 112) are **granted**, and defendants' motions for summary judgement (Docs. 56, 109) are **denied.** Luminant's motion for default against Amexemnu City State, Inc., (Doc. 36) and defendants' motion for final judgment (Doc. 109) are **denied as moot.** Defendants' motion to dismiss the remaining claims is **denied.** Doc. 109.

*So ordered by the court on August 28, 2020.*

　　　　　　　　　　　*[signature]*
　　　　　　　　J. CAMPBELL BARKER
　　　　　　　United States District Judge